[Civ. No. 7192. First Appellate District, Division One.—July 21, 1934.]

S. Z. BONAN, Respondent, v. PACIFIC ORIENT CO. (a Corporation), Appellant.

Joseph E. Bien and Werner Olds for Appellant.

Albert Picard and Chester J. Keith for Respondent.

JAMES, J., *pro tem.*—This appeal presents only two questions, neither of which merits any extended discussion.

The action is one for damages for the breach of a contract of sale of a quantity of Mexican beans. This contract was, without legal excuse, breached by the appellant. It refused acceptance, in advance of shipment. The beans were shipped and tendered at the port of San Francisco. Some negotiations followed, and appellant again and finally repudiated its contract. The beans were then sold. Suit was brought for the difference between the contract price and the amount realized from the sale, which resulted in a judgment for the plaintiff and respondent for the sum of six thousand dollars, from which this appeal is prosecuted.

Under the contract, the seller was required to insure the beans in transit in the name of the buyer. Such insurance was, in fact, carried—but in the name of the seller. Appellant urges here that because of the insurance being carried in the name of the seller instead of the buyer, respondent did not make a proper offer of performance. But the goods arrived in safety. There was no loss. The beans were here, tendered intact, and so refused. The purpose of the insurance was fulfilled, and that became a defunct matter.

Further than this, the appellant had repudiated the transaction before the shipment. It would have been a futile gesture for the shipper to insure the merchandise in the name of one who disclaimed any interest therein. Such insurance, if so procured, would be without value or effect.

Appellant next complains that the sale was delayed unreasonably, to its detriment. The record discloses that the date of the final repudiation of the contract was February 2, 1928. The sale was had in May of the same year. The trial court found, upon sufficient evidence, that the market price was the same during all that period—was $8.50 per

bag net. The judgment is for the difference between that price and the contract price. This was proper.

There is no error in the record, and the judgment appeal from is affirmed.

Tyler, P. J., and Cashin, J., concurred.